UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 20-6498 PSG (AFMx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Deion Walker v. United Parcel Service, Inc., et al. | | |

Present: The Honorable  Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS Plaintiff's motion to remand and DENIES Defendant's motion to dismiss as moot**

Before the Court are two motions: (1) a motion to remand filed by Plaintiff Deion Walker ("Plaintiff"), *see* Dkt. # 20 ("*Plaintiff's MTR*"); and (2) a motion to dismiss filed by Defendant United Parcel Service, Inc. ("Defendant"), *see* Dkt. # 11 ("*Defendant's MTD*"). Plaintiff and Defendant opposed each other's motions, *see* Dkts. # 23 ("*Plaintiff's Opp. to MTD*"), # 24 ("*Defendant's Opp. to MTR*"), and replied to each other's oppositions, *see* Dkts. # 25 ("*Plaintiff's MTR Reply*"), # 26 ("*Defendant's MTD Reply*").

The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendant's motion to dismiss as moot.

I.  Background

In this representative action, Plaintiff claims that Defendant failed to pay him, and other aggrieved employees, reporting time wages.

Plaintiff worked for Defendant from November 11, 2019, to January 10, 2020, as a non-exempt, hourly package loader and unloader at UPS hubs and terminals in Los Angeles. *See First Amended Complaint*, Dkt. # 1-2 ("*FAC*"), ¶ 8. Plaintiff claims that, as many as three times per week, after "clocking in" to Defendant's timekeeping system, Defendant dismissed him from his shift without paying him reporting time wages. *Id.* ¶ 9, 18. For example, on instances where Defendant scheduled Plaintiff to work from 11:00 p.m. to 4:00 a.m., many times, Defendant would tell Plaintiff to clock out and go home after roughly a half-hour without paying him reporting time wages. *Id.* ¶ 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6498 PSG (AFMx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Deion Walker v. United Parcel Service, Inc., et al. | | |

As a result of Defendant's practice, on April 27, 2020, Plaintiff filed suit in the Los Angeles County Superior Court. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶ 1. On May 27, 2020, Plaintiff filed the operative First Amended Complaint ("FAC"). *See generally FAC*. After requesting dismissal of the FAC's fifth cause of action on June 4, 2020, Plaintiff served Defendant with the FAC on June 22, 2020. *NOR* ¶¶ 3–4.

The FAC currently seeks Private Attorneys General Act ("PAGA") civil penalties pursuant to four causes of action:

> First Cause of Action: failure to pay reporting time wages in violation of California Labor Code §§ 218 and 2699(f)(2), and § 5 of IWC Wage Order 9-2001. *See FAC* ¶¶ 21–27.
>
> Second Cause of Action: failure to provide accurate itemized wage statements in violation of Cal. Lab. Code §§ 226.3, 1198, 1199, and 2699(f)(2), and § 7 of IWC Wage Order 9-2001. *See FAC* ¶¶ 28–36.
>
> Third Cause of Action: failure to timely pay all wages due upon separation of employment in violation of Cal. Lab. Code §§ 210, 256, and 2699(f)(2). *See FAC* ¶¶ 37–45.
>
> Fourth Cause of Action: failure to maintain accurate records in violation of Cal. Lab. Code §§ 558, 558.1, 1198(c), 1197.1, and 2699(f)(2). *FAC* ¶¶ 46–57.

Defendant removed the suit to this Court on June 26, 2020. *See generally NOR*. Defendant asserted that Plaintiff's claims arise from, or are completely derivative to, an employment right created entirely by two collective bargaining agreements that governed Plaintiff's employment ("CBAs"). *See NOR* ¶¶ 9–20. Therefore, Defendant contended that the Court has federal question jurisdiction over this case because the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempts Plaintiff's state law claims. *See id.*

Defendant now moves to dismiss the FAC, arguing that Plaintiff "has not exhausted the required grievance and arbitration procedures" to which he is bound under the CBAs. *See Defendant's MTD* 2:9–18. Conversely, Plaintiff moves to remand the case to the Superior Court, arguing that his claims arise from minimum labor standards established under California law rather than from the CBAs, and that, therefore, this Court lacks federal question jurisdiction. *See Plaintiff's MTR* 20:10–13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6498 PSG (AFMx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Deion Walker v. United Parcel Service, Inc., et al. | | |

The Court agrees with Plaintiff, and therefore **GRANTS** Plaintiff's motion to remand and **DENIES** Defendant's motion to dismiss as moot.

II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.    Discussion

"[N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 [of the LMRA] or other provisions of the federal labor law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "Claims bearing no relationship to a collective-bargaining agreement beyond the fact that they are asserted by an individual covered by such an agreement are simply not pre-empted by § 301." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393–94 (1987).

The Ninth Circuit uses a two-part test to determine when § 301 preempts state law claims.

First, "if the right exists solely as a result of the CBA, then the claim is preempted, and the analysis ends there." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1010 (9th Cir. 2018) (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6498 PSG (AFMx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Deion Walker v. United Parcel Service, Inc., et al. | | |

Second, if the right exists independently of the CBA and does not "substantially depend" on analyzing the CBA, then the claim is not preempted. *Id.*

Under the second part of this test, "the Supreme Court has distinguished between claims that require interpretation or construction of a labor agreement and those that require a court simply to 'look at' the agreement." *Balcorta v. Tewntieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) (citing *Livadas v. Bradshaw*, 512 U.S. 107, 123–26 (1994)). The Ninth Circuit has "stressed that, in the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Id.* (quoting *Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. Of Elec. Workers*, 109 F.3d 1353, 1356 (9th Cir. 1997), *rev'd on other grounds on reh'g*, No. 95-16202, 1997 WL 236296, at *1 (9th Cir. Mar. 27, 1997)).

The Court now turns to the two-part test.

A. <u>Part One: Whether the Right Exists Solely Because of the CBAs</u>

The first part of the preemption test requires the Court to determine "if the right exists solely as a result of the CBA." *See Kobold*, 832 F.3d at 1032. If it does, "then the claim is preempted, and the analysis ends there." *Id.*

The parties dispute whether Plaintiff's right to reporting time pay arises from § 5 of IWC Wage Order 9-2001 or the CBAs that governed his employment.[1]

IWC Wage Order 9-2001, § 5, provides:

---

[1] Plaintiff contends that § 5 of IWC Wage Order 9-2001 has the effect of law and is incorporated into various sections of the California Labor Code. *See Plaintiff's MTR* 13:13–14:19. Therefore, because an employee can recover PAGA civil penalties for violations of those sections of the Code under the default PAGA penalty provision—i.e., Cal. Lab. Code § 2699(f)(2)—Plaintiff argues that he can also recover for violations of the Wage Order under § 2699(f)(2). *See Plaintiff's MTR* 14:19–15:5.

Defendant conceded this point by failing to respond to it in its opposition. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6498 PSG (AFMx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Deion Walker v. United Parcel Service, Inc., et al. | | |

> Each workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage.

Plaintiff argues that his right to reporting time pay is created by this provision—not the CBAs. *See Plaintiff's MTR* 15:8–16:11, 17:2–4, 18:3–4.

Defendant's counterarguments all boil down to a single assertion: because the CBAs define Plaintiff's "usual or scheduled day's work" as three and one-half consecutive hours of work, Plaintiff's right to reporting time pay arises solely from the CBAs. *See Defendant's Opp. to MTR* 10:4–5. Therefore, Defendant argues that § 301 preempts Plaintiff's claim. *Id.* 14:13–16.

The Court is unconvinced by Defendant's repeated protestations that the CBAs somehow created Plaintiff's right to reporting time pay. Under the Wage Order, (1) if an employee reports to work, but (a) is not put to work or (b) is given less than half of his usual or scheduled day's work, then (2) he is entitled to a minimum of two hours of reporting time pay. *See* IWC Wage Order 9-2001, § 5. Defendant appears to acknowledge that this right applies *regardless of whether a CBA exists*, yet Defendant argues this is irrelevant. *See Defendant's Opp. to MTR* 14:6–12. On the contrary, this is not only relevant, but also dispositive. Because an employee who is not covered by a CBA still has the right to reporting pay under § 5, the CBAs in this case could not have created Plaintiff's right. Instead, the terms of the CBAs merely *define* the phrase "usual or scheduled day's work" for the purposes of Plaintiff's § 5 claim; the CBAs do not *create* Plaintiff's right merely because they make proving his claim easy. Therefore, because the right does not exist solely because of the CBAs, the Court now turns to part two of the preemption test.

B. <u>Part Two: Whether the Right Substantially Depends on Analyzing the CBAs</u>

Under the second part of the preemption test, the Court must determine whether the right "substantially depends" on analyzing the CBAs. *See McCray*, 902 F.3d at 1010. If it does not, then the LMRA does not preempt the claim. *Id.*

Neither party contests that the meaning of the terms of the CBAs are plain, unambiguous, and easily applied to this dispute, and such an argument would be frivolous—the Court would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6498 PSG (AFMx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Deion Walker v. United Parcel Service, Inc., et al. | | |

be hard-pressed to find an easier "analysis" of a CBA than determining whether thirty minutes is less than half of three and one-half hours.  Therefore, Plaintiff's right to reporting time wages does not "substantially depend" on analyzing the CBAs—it merely requires the Court to "look at," "refer to," or "apply" the CBAs' terms.  *See Balcorta*, 208 F.3d at 1108.

    C.    Preemption Outcome

In sum, (1) Plaintiff's right arises independently of the CBAs because the right would exist even if no CBA governed his employment, and (2) his claim only requires the Court to apply simple, unambiguous terms of the CBAs to the dispute.  Therefore, the LMRA does not preempt Plaintiff's claims.  *See McCray*, 902 F.3d at 1010.  Accordingly, this Court lacks subject matter jurisdiction over this action, and it **GRANTS** Plaintiff's motion to remand.[2]  As a result, Defendant's motion to dismiss is **DENIED** as moot.

IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendant's motion to dismiss as moot.

    **IT IS SO ORDERED.**

---

[2] Plaintiff separately argues that the court need not even reach a preemption analysis "because 'reporting time pay' is part of California's minimal labor protections, [and] the existence of [the] CBA[s] cannot override or abrogate the forum state's minimum wage, hour and working condition standards." *Plaintiff's MTR* 7:15–17, 12:13–14.  Plaintiff contends that, "[u]nlike certain overtime and meal period claims, there is no exception to Section 5 of the IWC Wage Order to allow a CBA to undercut a minimum legal wage and hour standard under California law and as a result, there is no federal question jurisdiction for this action." *Id.* 7:17–21.  The Court declines to consider this argument, which appears to be an issue of first impression, because remand is appropriate under the traditional two-part test.